UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TONY TERRELL HAMPTON                                                              PETITIONER

VS.                                                          CIVIL ACTION NO.1:04CV379-GHD-JAD

STATE OF MISSISSIPPI                                                              RESPONDENT

## REPORT AND RECOMMENDATION

The state has moved to dismiss Tony Terrell Hampton's petition for writ of habeas corpus (Doc 11) as time barred pursuant to 28 U.S.C. §2244(d).

Except for specific limited exceptions the AEDPA provides that any petition for federal habeas corpus petition by a person in custody of a state court must be brought within one year of from the date on which the state court became final. Tony Terrell Hampton pled guilty to a charge of sale of cocaine in the circuit court of Lowndes County, Mississippi and was sentenced to serve fifteen years by order of the court on November 30, 2000. The judgment would become final on December 30, 2000. In the absence of a "properly filed" application in state court, the period of limitation for the filing of the petition expired on December 31, 2001, the first business day following the expiration of the one year period. There have been a variety of filings in the state court which the state contends are not "properly filed" applications including two motions apparently seeking to compel the production of a transcript. It appears that the state is correct in its assertion that none of the assorted filings serve to toll the running of the limitations under 28 U.S.C. § 2244(D)(2)(The time during which a properly filed application for State post-convictions or other collateral review... is pending shall not be counted toward any period of limitation under this subsection). But even if the period of limitations is tolled by the state filings, the petition had to be

filed on or before April 2, 2002. [1]  It was filed between November 18, 2004 when signed and December 13, 2004 when delivered to the court.   The petition is untimely.

Accordingly, it is recommended that this case be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date.  Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted this the 12th day of April, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] During 1981 there were pending motions for a period of 89 days.  If the statute is tolled for the period of these filings the statute of limitations is extended from December 31, 2001 to March 30, 2002.  If the statute is further tolled for pleadings filed before March 30, 2002, the statute is extended for 3 days until April 2, 2002.   The remaining state court filings occurred after the expiration of the one year period of limitation.